IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| WAYNE DODGE,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL W. WYNNE, Secretary of the United States Department of the Air Force,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, FINDING MOOT DEFENDANT'S MOTION TO STRIKE, AND CLOSING CASE<br><br><br><br>Case No. 1:04-CV-150 TS |

This matter is before the Court on Defendant Wynne's[1] ("Defendant") Motion for Summary Judgment[2] and Motion to Strike Portions of Plaintiff's Affidavit.[3]  The Court finds that oral argument would not be helpful to its determination of the instant Motions.  Having reviewed

---

[1] This case was initially filed against James Roche.  However, during the pendency of this case, Mr. Roche was replaced by Michael W. Wynne as Secretary of the United States Department of the Air Force, and Wynne has been substituted for Roche, pursuant to Fed.R.Civ.P. 25(d).

[2] Docket No. 25.

[3] Docket No. 34.

the pleadings and the file and being otherwise fully informed, the Court will grant Defendant's Motion for Summary Judgment and find his Motion to Strike Portions of Plaintiff's Affidavit moot, for the reasons set forth more fully below.

I.  DISCUSSION

At the outset, the Court clarifies that, despite references in Plaintiff's Opposition to 42 U.S.C. § 1981, his Complaint is expressly brought under Title VII, with no reference to § 1981. Therefore, Plaintiff's references to § 1981 are misplaced, and the Court will disregard them.

The Court notes that Plaintiff's Complaint does not clearly set forth his specific causes of action, which has created some confusion in the briefing of the Motions before the Court. In an effort to resolve the instant Motion for Summary Judgment in the light most favorable to Plaintiff, the Court has construed Plaintiff's Complaint to allege the following six causes of action: 1) racial discrimination,[4] 2) national origin discrimination,[5] 3) hostile work environment,[6] 4) sex discrimination,[7] 5) retaliation,[8] and 6) violation of Air Force operational directives.[9]

---

[4] *See* Complaint ¶¶ 8, 17.

[5] *Id.* at ¶ 19.

[6] Alleged generally in the pleadings.

[7] Complaint at ¶ 18, although termed "sexual preference" discrimination.

[8] *Id.* at ¶ 19, although termed "reprisal."

[9] *Id.* at 23.

  A. <u>Procedurally Barred Claims</u>.

As an initial matter, the Court finds that three of Plaintiff's claims are procedurally barred as he has failed to exhaust his administrative remedies with regard to them. "Exhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII."[10]

It is undisputed that Plaintiff filed an EEO complaint prior to the initiation of this action. However, that complaint[11] alleges only race discrimination, sex discrimination, and "reprisal" (which the Court construes as a retaliation claim). As such, Plaintiff has properly exhausted his administrative remedies as to those three claims.

However, the EEO complaint does not allege national origin discrimination, hostile work environment, or violation of Air Force operational directives.[12] Therefore, those three claims are not properly before the Court and are dismissed, as this Court lacks subject matter jurisdiction over them.

  B. <u>Remaining Claims</u>.

    1. <u>Summary Judgment Standard</u>.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[10] *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996).

[11] AR 1:26.

[12] Although Plaintiff argues that he was not given appropriate notice of his right to review, the undisputed fact is that Plaintiff did, in fact, file a formal EEO complaint against Defendant, dated December 13, 2001, thus rendering this argument moot. *See Id.*

matter of law."[13] In reviewing the record, the Court views the evidence and draws any inferences therefrom in the light most favorable to the party opposing summary judgment.[14] Conclusory allegations and subjective beliefs are insufficient to prevent the entry of summary judgment.[15] Accepting all of the facts in the light most favorable to Plaintiff, the Court finds as follows:

### 2. Racial Discrimination.

Plaintiff bears the burden of proving a *prima facie* case of discrimination by a preponderance of the evidence.[16] To establish a *prima facie* case of discrimination, Plaintiff must show that 1) he belongs to a protected class; 2) he was qualified for his job; 3) despite his qualifications, he suffered an adverse employment action by his employer; and 4) he was treated less favorably than others outside the protected class.[17] Under the analytical framework set forth by the Supreme Court in *McDonnell Douglas,* if Plaintiff establishes a *prima facie* case, the burden shifts to Defendant to state a legitimate, nondiscriminatory reason for its employment

---

[13] Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[14] *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 929 (10th Cir. 1994).

[15] *See Kelley v. Goodyear Tire and Rubber Co.*, 220 F.3d 1174, 1177 (10th Cir. 2000).

[16] *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-253 (1981); *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1191 (10th Cir. 2000).

[17] *See McDonnell Douglas v. Green*, 411 U.S. 792, 802-5 n.13 (1973); *Pacheco v. State of Kan. Dept. of Social Rehabilitation Services*, 978 F.2d 1267 (10th Cir. 1992).

action.[18]  The burden then shifts back to Plaintiff to demonstrate that the employer's reason lacks veracity or is pretextual.[19]

Although Plaintiff argues that his is a "classic case of reverse discrimination based upon race,"[20] he has failed to satisfy the requisite burden to bring a case of reverse discrimination.  The Tenth Circuit has clarified that, in reverse discrimination cases, the *McDonnell Douglas* framework may be modified to allow the extension of its beneficial inference to plaintiffs who are members of "an historically favored group."[21]  However, "[t]he *McDonnell Douglas* presumption – that is, the presumption that unless otherwise explained, discrimination is more likely than not the reason for the challenged decision – is valid for a reverse discrimination claimant *only when the requisite background circumstances exist*."[22]

A discrimination case may be proven by either direct evidence or indirect proof.  If a plaintiff is unable, as is the case here, to provide *direct* evidence of discrimination, he may still "obtain the benefit of the *McDonnell Douglas* presumption [but] must, in lieu of showing that he belongs to a protected group, establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority."[23]

---

[18] *McDonnell Douglas*, 411 U.S. at 802; *Burdine*, 450 U.S. 252-55.

[19] *McDonnell Douglas*, 411 U.S. at 804; *Burdine*, 450 U.S. 253.

[20] Opposition, Docket No. 32, at 7.

[21] *Notari v. Denver Water Dept.*, 971 F.2d 585, 589 (10th Cir. 1992).

[22] *Id.* (emphasis added).

[23] *Id.*

While he does reference the Tenth Circuit *Notari*[24] case, Plaintiff has neither alleged nor provided evidence that Defendant is "one of those unusual employers who discriminates against the majority."  Further, even viewing the evidence in the light most favorable to the non-moving party, Plaintiff has failed to show that, "but for Plaintiff's [status], he would have been promoted,"[25] or, "but for Plaintiff's status, the challenged employment decision would have favored the plaintiff."[26]

The circumstances of Plaintiff's termination do not give rise to an inference of racial animus or discrimination against Plaintiff.  Plaintiff has not demonstrated that he was called a racist because he is Caucasian.  Rather, Plaintiff was called a racist because the co-worker interpreted Plaintiff's conduct *toward him* as rooted in racial bias.  Similarly, Plaintiff's claim that he was threatened by another co-worker is devoid of racial animus or discrimination.  Plaintiff's own testimony is that the co-worker made the threat because he was upset because he believed Plaintiff had pointed out errors in his work.[27]

Simply put, Plaintiff has failed to identify any comments or incidents which are probative of discriminatory intent or which establish a "but for" connection between his race and the employment actions at issue here.  Therefore, the Court finds that Plaintiff has failed to meet his

---

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] AR 2-B:300-301.

initial burden of setting forth a *prima facie* claim of racial discrimination and summary judgment must issue on this claim.

### 3. Sex Discrimination.

The Court notes that, although Plaintiff's Complaint states that this claim is brought based upon discrimination because of his "sexual preference,"[28] which is not actionable under Title VII,[29] it is clear to the Court that Plaintiff means to raise a claim of discrimination based upon his *sex*, and the Court will deem the Complaint as alleging such.

As Plaintiff's claim of sex discrimination is also an instance of alleged reverse discrimination, the Court again applies *Notari*.[30]

As with his race discrimination claim, Plaintiff has neither alleged nor provided evidence that Defendant is "one of those unusual employers who discriminates against the majority." Further, even viewing the evidence in the light most favorable to the non-moving party, Plaintiff has failed to show that, "but for Plaintiff's [status], he would have been promoted,"[31] or, "but for Plaintiff's status, the challenged employment decision would have favored the plaintiff."[32]

Plaintiff argues that a female co-worker was given a promotion when he was equally or better qualified, and that his failure to get that promotion was also colored by an alleged racial

---

[28] Complaint at ¶ 19.

[29] *See Medina v. Income Support Div.*, 413 F.3d 1131 (10th Cir. 2005).

[30] In fact, *Notari* was a gender discrimination case brought by a white male against a female.

[31] *Notari*, 971 F.2d at 590.

[32] *Id.*

bias against him.  However, the evidence before the Court – even when viewed in the light most favorable to Plaintiff – simply does not support that conclusion.

It is undisputed that the female co-worker was not promoted during the relevant time period  while Plaintiff was employed there, nor for several months thereafter.[33]  The evidence further indicates that Plaintiff was not similarly situated to the female co-worker.  Plaintiff has failed to establish a "but for" connection between his gender and the employment actions at issue here.  In fact, Plaintiff alludes that his supervisor's decision not to recommend him for the promotion was motivated by racial bias.  Therefore, the Court finds that Plaintiff has failed to meet his initial burden of setting forth a *prima facie* claim of sex discrimination and summary judgment must issue on this claim.

    4.    <u>Retaliation</u>.

In order for Plaintiff to present a *prima facie* case of retaliation, he must show that he (1) "engaged in protected opposition to discrimination;" (2) suffered "an adverse employment action;" and (3) "there exists a causal connection between the protected activity and the adverse action."[34]

The Court finds that Plaintiff has failed to prove a causal connection between any protected activity and the adverse employment action.  Plaintiff alleges that his "second-level Hispanic supervisor" was made aware of Plaintiff's EEO complaint on October 25, 2001.  However, the undisputed evidence is that Plaintiff's supervisor had already contacted the civilian

---

[33] AR 2-B:376.

[34] *Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir.2004).

personnel office via e-mail requesting assistance with Plaintiff's termination on October 24, 2001 – *before* he became aware of the EEO complaint.

However, in the alternative, the Court finds that even under the *McDonnell Douglas* burden-shifting analytical framework, Defendant has set forth legitimate, non-discriminatory reasons for Plaintiff's termination. "This burden is one of production, not of persuasion; it 'can involve no credibility assessment.'"[35] The Court looks to the perception of the decisionmaker, not the subjective view of the Plaintiff.[36]

Defendant has articulated the following:

- Regarding the October "971 counseling entry," Plaintiff failed to follow the appropriate chain of command;

- With respect to the failure to promote Plaintiff in November, Defendant states that Plaintiff hadn't learned all of the required tasks required for the promotion, and that he had a pending criminal complaint against him; and

- Plaintiff was terminated in December, as a probationary employee, because of his "unacceptable" behavior and his "disruptive influence," as expressly stated in his Notice of Separation.[37]

---

[35] *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000) (quoting *St. Mary's*, 509 U.S. at 509).

[36] *Stover v. Martinez*, 382 F.3d 1064, 1073 (10th Cir. 2004) (quoting *Branson v. Price River Coal Co.*, 853 F.2d 768, 772 ("It is the perception of the decision maker which is relevant, not plaintiff's perception . . .")).

[37] AR 1:38.

The Court finds that these reasons are both legitimate and nondiscriminatory. The Supreme Court has stated that "[u]pon the employer's articulation of a legitimate, nondiscriminatory reason, the presumption of discrimination established by the prima facie case 'simply drops out of the picture.'"[38] Finally, the Court finds that Plaintiff cannot show that discrimination was the more likely motive, or that Defendant's stated reasons were unworthy of credence.

Therefore, Plaintiff's retaliation claim fails on the *prima facie* case and, in the alternative, under the burden-shifting analysis. As such, summary judgment must issue on this claim.

## CONCLUSION

Based upon the above, Defendant's Motion for Summary Judgment (Docket No. 25) is hereby GRANTED, and this case is dismissed. Further, in light of the Court's ruling, Defendant's Motion to Strike Portions of Plaintiff's Affidavit (Docket No. 34) is DENIED as moot.

The three-day bench trial scheduled for August 28, 2006, and the final pretrial conference set for August 17, 2006, are STRICKEN.

The Clerk of Court is directed to close this case forthwith.

DATED  July 18, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[38] *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510-11 (1993).